```
          IN THE UNITED STATES DISTRICT COURT FOR THE
                   EASTERN DISTRICT OF OKLAHOMA
```

MOUNT VERNON FIRE INSURANCE COMPANY,         )
                                             )
                 Plaintiff,                  )
                                             )
vs.                                          )  CIV-10-33-FHS
                                             )
FRANCISCO OLMOS, LA MARGARITA MEXICAN        )
RESTAURANT, OKMULGEE INN VENTURE, LLC,       )
STEVE EARL PERRY, JR., MICHAEL WILSON,       )
and RANDY JAMES,                             )
                                             )
                 Defendants.                 )

**ORDER**

Before the court for its consideration is the Plaintiff's Motion for Summary Judgment (Doc. #46) and the Motion for Partial Summary Judgment by Defendant Okmulgee Inn Venture, LLC (Doc. #45). In the Plaintiff's Motion for Summary Judgment it argues it is entitled to judgment in its favor because the loss in question did not arise out of the "selling, serving or furnishing" of alcoholic beverages. In the Motion for Partial Summary Judgment by Defendant Okmulgee Inn Venture, LLC defendant requests the court to enter a finding that Mount Vernon Insurance Company has a duty to defend it in the underlying state court lawsuit. The court rules as follows on the motions.

**STANDARD FOR SUMMARY JUDGMENT**

Summary Judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 ©; See also

1

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The moving party has the burden of demonstrating the absence of a genuine issue of fact. Celotex v. Catrett, 477 U.S. 317, 325 (1986). If this initial burden is satisfied, the nonmoving party then has the burden of coming forward with specific facts showing there is a genuine issue for trial as to elements essential to the nonmoving party's case. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986); Bacchus Indus., Inc. v. Arvin Indus., Inc., 939 F.2d 887, 891 (10th Cir. 1991). The nonmoving party cannot rest on the mere allegations of the pleadings, but must go beyond the pleadings and "set forth specific facts showing there was a genuine issue for trial as to those dispositive matters for which [it] carries the burden of proof." Applied Genetics v. First Affiliated Securities, 912 F.2d 1238, 1241 (10th Cir. 1990).

"A fact is 'material' only if it 'might affect the outcome of the suit under the governing law,' and a dispute about a material fact is 'genuine' only 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Thomas v. IBM, 48 F.3d 478, 486 (10th Cir. 1995) (quoting Anderson, 477 U.S. at 248). In this regard, the court examines the factual record and reasonable inferences therefrom in the light most favorable to the nonmoving party. Deepwater Invs. Ltd. v. Jackson Hole Ski Corp, 938 F.2d 1105, 1110 (10th Cir. 1991). This court's function is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson, 477 U.S. at 249. With these standards in mind, the court turns to the merits of the motions.

**FINDINGS OF FACT**

The court finds the facts as follows: Mount Vernon Fire Insurance Company (Mount Vernon) issued a liquor liability insurance policy with assault and battery coverage to La Margarita Mexican Restaurant, with a policy period of March 22, 2006 to March 22, 2007. Okmulgee Inn was an additional insured on the insurance policy issued by Mount Vernon. The policy of insurance issued by Mount Vernon to La Margarita Mexican Restaurant provides coverage for liquor liability only. The insuring agreement provides in relevant part at Section I Liquor Liability Coverage:

1. Insuring Agreement.

> We will pay those sums that the insured becomes legally obligated to pay as damages because of "injury" to which this insurance applies if liability for such "injury" is imposed on the insured by reason of the selling, serving or furnishing of any alcoholic beverage.

Steve Perry, Michael Wilson, and Randy James filed personal injury lawsuits against Francisco Olmos and Okmulgee Inn Venture, in Okmulgee County, Oklahoma. The underlying personal injury lawsuits filed in state court allege two of the plaintiffs who were underage were served alcoholic beverages in a nightclub named "On the Rocks". The nightclub was owned by La Margarita Restaurant and was operated by Franciso Olmos. The premises was owned by Okmulgee Inn/Best Western Hotel. On September 8, 2006, a fight erupted which resulted in injury to the three plaintiffs. The underlying personal injury lawsuits pending in Okmulgee County State Court are unresolved and remain pending.

The lawsuit brought in this court is a declaratory judgment action arising out of the injuries sustained by the three plaintiffs in the underlying state court lawsuit. Mount Vernon is providing a defense in the underlying state court lawsuits under a reservation of right. Defendants Perry and James were properly served in this matter and failed to answer. The clerk has entered default against them. Wilson could not be found and has not been served. Olmos was properly served and did not answer. The clerk has entered default in this matter against him. The only party to the underlying case who has answered in this matter is Okmulgee Inn Venture, LLC (defendant). Defendant is also insured under its own commercial general liability policy issued by Philadelphia Indemnity Insurance Company and is being defended under that policy in the underlying case.

Before this court is the issue of whether the policy of insurance in question covers the loss for injuries being sought in the personal injury state law cases and whether the plaintiff has a duty to defend defendant in the underlying state court lawsuits.

The court will first address whether the loss is covered by the policy. "A policy of insurance is a contract and should be construed as every other contract, that is, where not ambiguous, according to its terms." <u>Wiley v. Travelers Ins. Co.</u>, 534 P.2d 1293, 1296 (Okla. 1974). The interpretation of an unambiguous policy and its exclusions is a question of law for the court. <u>Id</u>. The language in question in this lawsuit is clear and unambiguous. The provision in question provides:

> We will pay those sums that the insured becomes legally obligated to pay as damages because of "injury" to which this insurance applies if

4

> liability for such "injury" is imposed on the
> insured by reason of the selling, serving or
> furnishing of any alcoholic beverage.

The court finds there is no evidence the injuries in question were a result of the "selling, serving, or furnishing of alcoholic beverages." The court has reviewed the allegations in the state court petitions, as well as the exhibits submitted with these motions. In these documents there is not even an allegation that alcohol was a factor in the injuries sustained by plaintiffs. An example allegation reads: "That in the early morning hours of September 3, 2006, Plaintiff Stevie Earl Perry, Jr., who was a minor child, sixteen (16) years of age, was allowed by the Defendant, Francisco O'lmos, or his agents, servants or employees, to enter the club 'On the Rocks', and was served alcoholic beverages. That while in the club, a fight erupted in an area not in close proximity to that of the Plaintiff; that Plaintiff attempted to exit the premises and was injured by a gunshot which was fired within the club, 'On the Rocks'." In fact, one petition does not even mention the selling or serving of alcoholic beverages. The allegations in the state court cases deal with the selling of alcoholic beverages to the minors that were injured and a failure to provide a safe environment. The petitions are silent as to whether their injuries were cause by the "selling, serving or furnishing" of alcoholic beverages. In the cases cited by defendant in support of the argument the plaintiff has a duty to defend, there was evidence showing alcohol was a factor in the injuries sustained, or at least, the allegation was made that alcohol was involved. For instance, in <u>Gakk Inc. v. Acceptance Casualty Insurance Company</u>, 2010 WL 3259905 (D. Or. 2010), an allegation was made that the perpetrator consumed alcohol. In <u>Illinois Exchange v.</u>

5

Scottsdale Insurance Co., 679 So. 2d 355 (Fla. App. 3 Dist. 1996), the plaintiffs made the allegations that their attackers were intoxicated by alcohol they had been served at the bar in question.  Again, this case can be distinguished from the one at bar because there is an allegation that the attackers were intoxicated and that alcohol was involved.  In the <u>Illinois Exchange</u> case, the allegation was that the attack occurred because of the intoxicated patrons.   In the case at bar, there is no specific allegation that the injuries in question were caused by an intoxicated patron. The petitions in question state that the minors were allowed to enter an establishment where alcoholic beverages were being served and they were in fact served alcohol.  The petitions further allege the plaintiffs were injured while in this establishment.  The affidavits attached to the motions provide the injures were caused by a fight in the bar.  Defendant is asking the court, based on the facts and circumstances of the night in question, to make the assumption alcohol was the cause of the injuries.  This court simply cannot do that. The court finds no evidence that the injuries in questions were caused by the "selling, serving or furnishing" of alcohol.  Accordingly, the court finds the loss for injuries being sought in the state court lawsuits is not covered by the policy at issue.

Defendant also makes an argument the policy at issue includes an assault and battery provision which would cover the injury in question.  The facts reveal the policy at issue in this case is a liquor policy only.  It does not provide liability coverage beyond that described in the Liquor Liability Coverage Form included as part of the policy.  The scope of the coverage provided under the Liquor Liability Coverage Form is described in the insuring agreement found at Section I(1)(a).  The

declarations page for the policy contains a reference to the words "assault and battery" under the heading "Premium Computation".  The purpose of the reference to "assault and battery" in the premium section of the declarations page is to make clear that the insured paid an additional fee to remove an "assault and battery" exclusion that would have otherwise been included as a part of this policy.  However, the words "assault and battery" in the premium computation section of the declarations page do not broaden the coverage provided in the insurance agreement for the liquor liability policy.  Thus, there is no separate or additional coverage under this policy specifically for assault and battery.  In order for a loss to be covered under this policy it must first trigger the insuring agreement found in Section I (1)(a) of the Liquor Liability Coverage Form for this policy. In order for the assault and battery to be covered under the policy, it must first arise out of the "selling, serving, or furnishing" of an alcoholic beverage.  The court has previously found the injury in question was not a result of the "selling, serving and furnishing" of alcoholic beverage.  Therefore, the "assault and battery" provision has not been activated since the loss was not covered under the liquor liability policy.

In the Defendant's Motion for Partial Summary Judgment, it has asked this court to make a determination that the plaintiff has a duty to defend it in the underlying state court lawsuits.  Under Oklahoma law, an insurer must defend an action "whenever it ascertains the presence of facts that give rise to the potential of liability under the policy," <u>Utica Mutual Insurance Company v. Voyles</u>, 277 Fed. Appx. 809, 812 (10th Cir. 2008).  Based on the evidence before it which has been previously discussed in this order, the court does not find there is even the potential for

liability by the plaintiff in the underlying state court lawsuits. The court has found the evidence is void of any indication the injuries in question were caused by the "selling, serving or furnishing" of alcoholic beverages.

Therefore, the court makes the following judgment:

> 1. That the aforesaid insurance policy neither applies to nor provides coverage for the claims alleged by Steve Earl Perry, Jr. In Case Number CJ-07-797, Okmulgee County District Court and that Mount Vernon Fire Insurance Company has no obligation or duty to indemnify or defend any party in this litigation relating to those claims.
>
> 2. That the aforesaid insurance policy neither applies to nor provides coverage for the claims alleged by Michael Wilson in Case Number CJ-07-818, Okmulgee County District Court and that Mount Vernon Fire Insurance Company has no obligation or duty to indemnify or defend any party in this litigation relating to those claims.
>
> 3. That the aforesaid insurance policy neither applies to nor provides coverage for the claims alleged by Randy James in Case Number CJ-08-792 Okmulgee County District and that Mount Vernon Fire Insurance Company has no obligation or duty to indemnify or defend any party in this litigation relating to those claims.

Therefore the court finds the Plaintiff's Motion for Summary Judgment (Doc. # 46) is hereby **GRANTED**. The Motion for Partial Summary Judgment by Defendant Okmulgee Inn Venture, LLC (Doc. # 45) is hereby **DENIED**.

IT IS SO ORDERED this 19th day of April, 2011.

Frank H. Seay
United States District Judge